## Williams v. Capute.

*Practice, C. P.—Pleadings—Statement of claim—Demurrer—Trespass.*

1. A demurrer filed to a statement of claim in trespass must be deemed to operate as a waiver of any objection for informality.

2. In an action in trespass for death of plaintiff's wife, caused by a fall from a balcony in a house of which the defendant was owner, and of which plaintiff alleged that he was tenant, a statement of claim is fatally defective which avers that the house was of a certain street number, but fails to aver of what the premises consisted; or whether the plaintiff was a tenant of the whole or parcel thereof, or if the latter, of what parcel; when the tenancy began; what were its terms as to repairs; and whether the demised premises included the balcony.

Statutory demurrer. C. P. Lackawanna Co., May T., 1921, No. 452.

*A. A. Vosburg*, for plaintiff; *John Memolo*, for defendant.

NEWCOMB, J., Dec. 31, 1921.—Defence was taken by demurrer to plaintiff's statement, and at the same time exceptions were filed. Defendant cannot do both. The demurrer must be deemed to operate as a waiver of any objection for informality. No doubt the statement was open to such objection, because it bristles with mere conclusions. But the only question to be now considered is that of substance.

The case was submitted without either brief or oral argument, so that we are quite in the dark as to the personal views of counsel, except so far as indicated on defendant's part by the mere fact of a general demurrer.

Plaintiff sues in trespass for fatal injuries suffered by his wife, occasioned by a fall from a balcony on premises owned by defendant, in which plaintiff says he was a tenant. It is said that defendant had allowed the railing of the balcony to become rotten and insecure, of which he had notice, and that deceased, being unaware of its condition, leaned against it, whereupon it gave way and thus she fell to the ground below.

This is not enough to fasten liability upon defendant. He can only be held responsible for the breach of a duty to maintain. For present purposes, such duty could arise only out of contract, express or implied. What, if any, contractual rights plaintiff may have had in the balcony, or indeed elsewhere in the premises, are not disclosed. True, in a sweeping conclusion it is alleged that "plaintiff was a tenant of the defendant in the premises located at No. 1217 South Main Avenue, Scranton, Pa. These premises had a balcony or porch on the second floor, in front, with banisters or railings around the same to prevent persons from falling from said porch. The plaintiff and his family had a right to use said porch under the terms of their tenancy, and did use it in connection therewith."

Nothing could be more vague and general.

Of what did the premises at that street number consist? Was plaintiff a tenant of the whole thing or only a parcel thereof? If the latter, of what did

the parcel consist? How and when was the tenancy created? What were its terms? Anything said about repairs? Did the demised premises include the balcony, etc., etc.?

The declaration will be searched in vain for any answer to these and other pertinent questions of the like import, save only the personal conclusion of the pleader, and even that tends to repel the inference that the balcony had at any time been demised to plaintiff.

He is ostensibly standing upon some conventional relation of the parties. What that was is a question to be answered by the terms of their contract. While counsel's conception of the reciprocal rights and liabilities of the parties may be correct, at this stage the court is not at liberty to take his word for it. It is for him to plead the facts. Whether they make out a *prima facie* case or not is a question to be then determined on our own responsibility. It is believed this statement is fatally defective, therefore, for want of specific averment of the essential facts, and the affidavit in the nature of demurrer is sustained, without prejudice to the right of plaintiff to amend within fifteen days.

From William A. Wilcox, Scranton, Pa.